IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BRETT DAVID BOGUS, §
TDCJ #2023182, §
　　　　　　　　　　　　　§
　　　Petitioner, §
　　　　　　　　　　　　　§
v. § CIVIL ACTION NO. H-19-122
　　　　　　　　　　　　　§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice - Correctional §
Institutions Division, §
　　　　　　　　　　　　　§
　　　Respondent. §

**MEMORANDUM OPINION AND ORDER**

State inmate Brett David Bogus (TDCJ #2023182) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 18), challenging a theft conviction from Harris County, Texas. After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action without prejudice for the reasons explained below.

**I.　Background**

On August 28, 2015, Bogus was convicted upon his guilty plea to charges of theft in an amount over $200,000.00 in Harris County Cause No. 1433472.[1] As a result of that plea he was sentenced to 20 years' imprisonment by the 176th District Court for Harris

---

[1]Petition, Docket Entry No. 18, pp. 2-3.

County, Texas.² That conviction was affirmed on direct appeal in an unpublished opinion and the Texas Court of Criminal Appeals refused his petition for discretionary review on March 7, 2018. See Bogus v. State of Texas, No. 14-15-00832-CR, 2017 WL 1366674 (Tex. App. — Houston [14th Dist.] April 13, 2017, pet. ref'd) (concluding that the appeal was "wholly frivolous and without merit").

In a federal habeas Petition that was deposited in the prison mailing system for filing with this court on May 20, 2019,³ Bogus contends that he is entitled to relief from his conviction for the following reasons:

(1) his indictment was based on "intentionally misrepresented material facts" that were fabricated by the complainant;

(2) the trial court lacked jurisdiction because of errors that affected his "substantial rights";

(3) his conviction violated the prohibition against Double Jeopardy because he was charged with the same conduct in a related case;

(4) the prosecutor engaged in misconduct by pursuing a conviction in bad faith based on suppressed evidence, improper remarks, perjured testimony, and misrepresented facts that falsely induced his guilty plea in violation of the Due Process and Equal Protection Clauses;

(5) the trial court engaged in judicial misconduct by allowing a constructive amendment of the

---

²See id.

³See id. at 10.

-2-

>           charges based on ex parte communication and a
>           conflict of interest with defense counsel;
>
> (6)   he was denied effective assistance of counsel
>       when his attorney failed to challenge the
>       "criminality of [the] State's indictment" and
>       because his appellate attorney filed an <u>Anders</u>
>       brief;
>
> (7)   there was a conspiracy to obtain his
>       conviction with intent to commit fraud between
>       the complainant, the prosecutor, and defense
>       counsel;
>
> (8)   there was insufficient evidence to support his
>       conviction beyond a reasonable doubt;
>
> (9)   cumulative error deprived the petitioner of a
>       fair trial;
>
> (10)  his guilty plea was not knowingly or
>       intelligently made; and
>
> (11)  he is actually innocent.[4]

Because Bogus has raised similar claims in a state habeas corpus proceeding under Article 11.07 of the Texas Code of Criminal Procedure that he filed recently in state court on February 4, 2019, and which remains pending before the trial court, his Petition is subject to dismissal for lack of exhaustion.[5]

## II. Discussion

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies

---

[4] <u>Id.</u> at 6-7, 13-15.

[5] <u>Id.</u> at 11 (referencing Writ No. 1433472-A, which was filed in the 176th District Court for Harris County on February 4, 2019, and remains pending).

-3-

available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement "the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson v. Harless, 103 S. Ct. 276, 277 (1982)). This means that a petitioner must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals. See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations and internal quotations marks omitted). Exceptions exist only where there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

In Texas, a criminal defendant may exhaust remedies by taking the following paths: (1) the petitioner may file a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals;

-4-

and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex. Code Crim. Proc. art. 11.07 § 3(c). "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004).

Bogus has not satisfied the exhaustion requirement because his pleadings reflect that he has filed the same or similar claims in a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, which remains pending in state court and have not yet been resolved or presented to the Texas Court of Criminal Appeals.[6] Because this state process remains available, Bogus does not fit within a recognized exception to the exhaustion doctrine. Under these circumstances, comity requires this court to defer until the Texas Court of Criminal Appeals has considered the merits of the petitioner's constitutional claims and the exhaustion requirement is satisfied. See Picard v. Connor, 92 S. Ct. 509, 512 (1971). Therefore, the pending federal habeas Petition must be

---

[6]Petition, Docket Entry No. 18, p. 11; see also Exhibit, State's Proposed Order Designating Issues, Docket Entry No. 18-1, pp. 8-9 (designating issues that the trial court will resolve and enter findings of fact; adopted and signed by the presiding judge on March 11, 2019, in Writ No. 1433472-A).

dismissed for lack of exhaustion. See Castille v. Peoples, 109 S. Ct. 1056, 1059 (1989) (A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims.")(citing Rose v. Lundy, 102 S. Ct. 1198 (1982)).

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See

Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies or that the Petition is premature. Therefore, a certificate of appealability will not issue.

## IV. **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Brett David Bogus (Docket Entry No. 18) is **DISMISSED without prejudice** for lack of exhaustion.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 6th day of June, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE